# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Case No. 17-cv-01013-DDD-MEH

CECIL MASON,
TERRY PHILLIPS,
SPENCER BREWER, and
LEROY BAKER,

    Plaintiffs,

v.

RICK RAEMISCH, in his official capacity,
ETHAN KELLOGG, in his individual capacity,

    Defendants.

## ORDER

This case centers on an incident that occurred in April 2016 in which pepper spray was discharged into a multipurpose room at the Sterling Correctional Facility, which Plaintiffs claim resulted in their inability to hold religious services that day. Defendants have filed a Motion for Summary Judgment (Doc. 128) seeking the dismissal of the remaining claims against them. For the reasons that follow, the Court **GRANTS** the Motion.

## I. BACKGROUND

On April 15, 2016, Defendant Ethan Kellogg, a corrections officer at Sterling Correctional Facility, went to a multipurpose room to finish preparing canteen items for distribution. At some point while working in the multipurpose room, he discharged pepper spray into the room. Mr. Kellogg asserts that he did so

accidentally as he bent over to pick up a box, and that because the pepper spray had been accidentally sprayed onto his shirt, he did not think the air in the room had been heavily contaminated and that it still would be usable. Defendants' Ex. A-1 at ¶¶ 19, 25 (Doc. 128-1).

Plaintiffs dispute that Mr. Kellogg discharged the pepper spray accidentally, and have produced an expert report by Kamran Loghman, who opined among other things that the "[t]he probability of an accidental discharge by officer Kellogg is remote and unlikely," and that based on his knowledge of the trigger mechanism on a pepper spray canister, "the probability of an accidental discharge with [Mr. Kellogg's] belly . . . is very unlikely." Plaintiffs' Ex. 1 at 15 (Doc.131-1).

The multipurpose room was scheduled to be used by Plaintiffs Donell Blount, Cecil Mason, Terry Phillips, Spencer Brewer, and Leroy Baker – all of whom are inmates at Sterling Correctional Facility and are practicing Muslims – for a weekly Islamic congregational prayer service. Upon entering the room, Plaintiffs were exposed to the pepper spray, causing burning to their noses, throats, and exposed skin. Because of the pepper spray discharge, Plaintiffs were not able to conduct their prayer service that day. Plaintiffs further contend that the pepper spray discharge "is part of a larger culture of animus toward practicing Muslims at Sterling." Plaintiffs' Resp. at 13 (Doc.131). After the incident, Mr. Blount filed grievances regarding Defendant Mr. Kellogg's use of pepper spray and pursued administrative remedies through CDOC's established grievance system. Plaintiffs'

Ex. 8 (Doc. 131-8). Although Mr. Blount thus exhausted all the available administrative remedies, none of the other Plaintiffs did so.

The Plaintiffs jointly filed this lawsuit, although their precise claims varied somewhat. They all brought claims against Mr. Kellogg in his individual capacity for (1) excessive use of force in violation of their Eighth Amendment rights, (2) violation of their First Amendment right to free exercise of religion, and (3) violation of their Equal Protection rights. *See* 2d Am. Compl. (Doc. 119) (First, Second, and Fifth Claims). They also each sued Defendant Rick Raemisch, in his official capacity as Executive Director for the Colorado Department of Corrections, for violation of the Religious Land Use and Institutionalized Persons Act. *Id.* (Sixth Claim). Mr. Blount additionally sued Defendants Jeffrey Quinlan and David Scherbarth for excessive use of force in violation of the Eighth Amendment, and retaliation for engaging in protected speech. *Id.* (Third and Fourth Claims). Mr. Blount was dismissed from this case on February 27, 2019 (Doc. 130) pursuant to a joint motion filed by Mr. Blount and the Defendants. (Doc. 129). As a result, the only remaining claims in this case are those asserted by the current Plaintiffs against Mr. Kellogg and Mr. Raemisch: the First, Second, Fifth and Sixth.

## II. ANALYSIS

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary judgment is appropriate if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adamson v.*

*Multi Community Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). A fact is material if it could affect the outcome of the suit under governing law; a dispute of fact is genuine if a rational jury could find for the nonmoving party on the evidence presented. *Id.* If a reasonable juror could not return a verdict for the nonmoving party, there is no need for a trial and summary judgment is proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The party moving for summary judgment bears the burden of demonstrating no genuine issue of material fact exists. *Adamson*, 514 F.3d at 1145. Where, as here, the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy this burden by demonstrating a lack of evidence for an essential element of the non-movant's claim. *Id.* That is, if a defendant shows entitlement to summary judgment, it becomes a plaintiff's "burden as the non-movant to set forth specific facts demonstrating that there was a genuine issue for trial as to those material matters for which she carried the burden of proof." *Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1531 (10th Cir. 1995).

In deciding whether the moving party has carried its burden, courts do not weigh the evidence and instead must view it and draw all reasonable inferences from it in the light most favorable to the non-moving party. *Adamson*, 514 F.3d at 1145. Neither unsupported conclusory allegations nor a "mere scintilla" of evidence, however, are sufficient to create a genuine dispute of material fact on summary judgment. *Maxey v. Rest. Concepts II, LLC*, 654 F. Supp. 2d 1284, 1291 (D. Colo. 2009). And "[i]f a party fails to properly support an assertion of fact or fails to

properly address another party's assertion of fact, the court may . . . consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

## A. Exhaustion of Administrative Remedies

Congress has declared in the Prisoner Litigation Reform Act that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement means the prisoner must give the prison's grievance system "a fair opportunity to consider the grievance," which requires the complaining prisoner to follow "all of the steps laid out in the prison system's grievance procedure." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).

### 1. Vicarious Exhaustion

It is undisputed that Mr. Mason, Mr. Phillips, Mr. Brewer, and Mr. Baker did not pursue their own administrative remedies concerning the incident giving rise to this case. They note instead that their co-plaintiff, Donell Blount, whose claims have since been dismissed from this case, filed a grievance with CDOC on behalf of himself "and several other Muslims." Plaintiffs argue that "[i]n cases where numerous inmates are affected, exhaustion by a group representative – usually a named class member – will satisfy the administrative exhaustion requirement." Plaintiffs' Resp. at 14 (Doc. 131). This Court declines to extend vicarious exhaustion to the circumstances presented here.

5

The doctrine of vicarious exhaustion is inapplicable outside the context of class actions. In fact, it is not just "usually" the case that vicarious exhaustion involves a class member: *every* case cited by the Plaintiffs for this proposition does so. *Compare* Plaintiffs' Resp. at 14 (Doc. 131) *with Decoteau v. Raemisch*, 304 F.R.D. 683, 687 (D. Colo. 2014) (class action); *Chandler v. Crosby*, 379 F.3d 1278, 1287 (11th Cir. 2004) (same); *Gates v. Cook*, 376 F.3d 323, 330 (5th Cir. 2004) (same); *Jackson v. Dist. of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001) (same). And indeed, the Tenth Circuit has not adopted the doctrine in any context, but has held that to the extent it exists, the doctrine would not apply outside of class actions: "Although we agree . . . that the vicarious exhaustion rule might save [plaintiffs'] claims if the district court had certified a class of prisoners (assuming, without deciding, that this circuit would follow the vicarious exhaustion rule), the district court did not certify a class here." *McGoldrick v. Werholtz*, 185 Fed. App'x 741, 743-44 (10th Cir. 2006)).

Where vicarious exhaustion has been adopted in prisoner class action cases, courts have reasoned that requiring every class member to exhaust their administrative remedies could place an "intolerable burden upon the inmate review system." *Chandler*, 379 F.3d at 1287. In addition, "where the composition of the class is subject to constant change beyond the class members' control, it could be extraordinarily difficult for all class members to exhaust administrative remedies before filing suit." *Id.* These rationales have no application outside the class action context. *E.g., Rumsey v. Michigan Dep't of Corrections*, No. 1:10-cv-880, 2013 WL

6

5517888, at *2 (W.D. Mich. Oct. 1, 2013) ("even if . . . 'vicarious exhaustion' in the class action context is appropriate, the rationale underlying such simply does not extend to the present circumstance").[1]

Plaintiffs' response is twofold. One, they assert that the Plaintiffs and former plaintiff Mr. Blount are similarly situated and therefore Mr. Blount's grievances should be considered – effectively seeking back-door class certification. This the Court cannot do. *See Shook v. El Paso County*, 386 F.3d 963, 971-72 (10th Cir. 2004) (class may be certified only if plaintiffs satisfy the four threshold requirements of Fed. R. Civ. P. 23(a) and the action falls within one of the three categories listed in Fed. R. Civ. P. 23(b)).

Two, they argue that Section 1997e(a) should not apply here because "the very structure of the grievance process at CDOC militates against filing multiple individual grievances for any single incident" and because of a "culture of retaliation" at the CDOC. Plaintiffs' Resp. at 15 (Doc. 131). Plaintiffs, however, have cited to no authority for the proposition that such contentions can overcome the

---

[1] *See also Castillon v. Corrections Corp. of Am.*, No. 1:12-cv-00559, 2013 WL 2446480, at *11 (D. Idaho Jun. 4. 2013) ("Even if vicarious exhaustion is sometimes permissible, it most certainly does not apply in this case, which is not a class action."); *Taylor v. Lindamoon*, No. 1:16-cv-00048, 2017 WL 4176338, at * (M.D. Tenn. Sept. 19, 2017) (vicarious exhaustion inapplicable to non-class action claim); *Duckett v. Fuller*, No. 6:13-CV-01079-JMC, 2013 WL 6181417, at *3 (D.S.C. Nov. 22, 2013) (same); *Boyer v. Taylor*, No. CIV.A. 06-694-GMS, 2013 WL 1332443, at *4 (D. Del. Mar. 30, 2013) (same); *Shabazz v. Virginia Dep't of Corrections*, No. 3:10CV638, 2011 WL 4025264, at *4 (E.D. Va. Sept. 9, 2011) (same); *Mathis v. GEO Group, Inc.*, No. 2:08–CT–21–D, 2011 WL 2899135 at *5 n. 4 (E.D.N.C., Jul. 18, 2011) (same); *Heng v. Donald*, No. 7:08-CV-5 HL, 2011 WL 925726, at *5 (M.D. Ga. Jan. 25, 2011) (same); *J.P. v. Taft*, 439 F. Supp. 2d 793, 822 n.27 (S.D. Ohio 2006) (same).

7

PLRA's exhaustion requirement, and in fact they are contradicted by the law and the record. First, as discussed above, not a single federal court has extended vicarious exhaustion *for any reason* outside the context of class actions, and the Court declines to do so here.

Second, Plaintiffs' characterization of CDOC's regulations is inaccurate. They assert that that AR 850-04 IV.E(6) "provides a specific mechanism for responding to incidents which affect a larger group of inmates without requiring each individual inmate to file a grievance and without providing a written response to each inmate who decides to file a formal grievance." Plaintiffs' Resp. at 13 (Doc. 131). That characterization is inaccurate. While it is true that section IV.E(6) allows CDOC to respond in a single response to multiple grievances by multiple inmates involving the same subject matter, it does not allow for inmates to rely on another's grievance. Indeed, the regulations make clear that inmates must file their own grievances. *See* AR 850-04 III.H (defining "offender grievance" as "[a] written complaint by an offender filed on his/her own behalf"); *see also* AR 850-04 IV.D(5) ("An offender may only pursue a grievance concerning a problem that affects the offender personally . . . .").

Finally, other than generalized assertions, Plaintiffs have produced no evidence of a "culture of retaliation," nor any evidence that they themselves had ever been retaliated against for filing grievances. Plaintiffs point to the fact that the CDOC regulations allow for the imposition of penalties for filing multiple frivolous grievances. This is not proof of a "culture of retaliation," but merely a reasonable

8

effort by the CDOC to protect against abuses of its grievance system. And no Plaintiff has suggested that he was actually subjected to this penalty for use of the grievance system. *Cf. Walker v. Michigan Dep't of Corrections*, 128 Fed. App'x 441, 445 (6th Cir. 2005) (the right to file institutional grievances without being subject to retaliation extends only to non-frivolous grievances).

\* \* \*

Because none of the remaining Plaintiffs in this case exhausted their administrative remedies, which is a mandatory prerequisite to filing claims in court, their claims must be dismissed. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). As the Tenth Circuit has explained, however, "a dismissal based on lack of exhaustion should ordinarily be *without* prejudice" because "failure to exhaust administrative remedies is often a temporary, curable, procedural flaw." *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1139 (10th Cir. 2005) (internal quotations, citations, and alterations omitted). The Court does so here even though it recognizes, just as the *Fitzgerald* Court did, that the time frame for recourse to administrative remedies may have expired for Plaintiffs. *Id.* Nevertheless, a plaintiff "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default." *Id.* (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002)).[2]

---

[2] Defendants also argued that summary judgment should be granted because Mr. Kellogg is entitled to qualified immunity and that the evidence does not support Plaintiffs' RLUIPA claims. Because the Court grants summary judgment based on

9

## III. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** and Plaintiffs' remaining claims against Defendants Kellogg and Raemisch are **DISMISSED** without prejudice. The Court further **ORDERS** that the motion hearing set for July 30, 2019 is hereby **VACATED**.

Dated: July 2, 2019.

BY THE COURT:

s/*Daniel D. Domenico*
Daniel D. Domenico
United States District Judge

---

the Plaintiffs' failure to exhaust, it declines to address Defendants' arguments on the merits. *See* 42 U.S.C. § 1997e(c)(2).